Filed 6/16/16  P. v. Williamson CA4/3
Received for posting 6/17/16

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052657 |
| v. | (Super. Ct. No. 10NF1083) |
| JAMES PATRICK WILLIAMSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

Defendant James Patrick Williamson was charged with aggravated assault, kidnapping, false imprisonment, and criminal threats. The Information alleged an enhancement of great bodily injury in committing the present crimes and that he suffered two or more prior convictions for committing serious or violent crimes.

The preliminary hearing transcript contains the testimony of a police officer who interviewed a witness who, while driving, observed a male drag a person out of the passenger seat of a car on April 11, 2010. The witness observed the man leaning over the person making striking motions with his arm. The witness telephoned the police, reading the license number of the vehicle to the dispatcher and then turned the car around to look again, and this time observed a woman sitting on the curb with blood on her face while the man was standing by the open trunk of the car. When police arrived at the scene, defendant was walking from the back of the car to the front of the car, and the woman was in the front passenger seat. A police officer described the woman: "I could see that she had blood on her face and appearing to have bruising already on her face, and she looked very – in my opinion, very frightened." "Her lower lip was bleeding, and it looked like deep redness, purple marks on her face, and her nose had started to bleed . . . ." The woman told the following to the police: "[T]he defendant, Williamson, hit her numerous times with closed fists on her face, and had--she tried to get out of the car, he slammed her head against the curb and threw her back in the car[,]" and he then started punching her again.

Defendant and the woman had dated for nine months, broke up a month before the incident and had "gotten back together a week before the incident." As the two sat in the car that day, defendant asked her if she "loved him," and when she said she did not, he began punching her with both fists, and said, "[Y]ou don't know who you're messing with." According to a police officer, defendant told the victim he was going to

2

"set the car on fire and blow both of them both up."  Adjacent to the driver's door, police found "a red gas can along with a rubber hose that was near the gas tank of the vehicle."

The victim testified at the preliminary hearing that her "left eye was pushed back into the socket," causing loss of vision, double vision, blurriness and headaches. Her cheekbones were shattered.  She had numbness on her face.  She also still suffers from forgetfulness and has bad dreams about the incident.

Defendant pled guilty to the charges, offering the following facts as the basis for his guilty plea:  "In Orange County, California, on 4/11/10 I willfully + unlawfully committed aggravated assault upon my girlfriend, . . . by means of force likely to produce great bodily injury and did in fact personally inflict great bodily [*sic*] on her during the commission of the assault under circumstances involving domestic violence as described in P[enal] C[ode section] 13700 [,subdivision] (b), resulting in numerous broken bones on her face.  I also willfully + unlawfully and forcibly by fear took her into another part of Orange County against her will.  On this same day in OC I also falsely imprisoned [her] by violence and menace and violated her personal liberty by refusing to allow her to exit my vehicle.  I also threatened to kill her with the specific intent that my statement be taken as a threat and my statement was so unequivocal, unconditional and immediate as to convey a gravity of purpose and immediate prospect of execution of the threat, causing [her] to reasonably be in sustained fear for her life and safety."

The court sentenced defendant to state prison for a total of 28 years. The court also issued a domestic violence criminal protective order and defendant was personally served with a copy of the order.

We appointed counsel to represent defendant on appeal.  Counsel filed a brief which set forth the facts of the case.  Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf.  We have examined the record and found no arguable issue.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was given 30 days to file written argument in defendant's own behalf.

3

That period has passed, and we have received no communication from defendant.

The judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.